# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DOMINIC SABBIA, SR.,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 09 C 3768 |
| **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, et al.,** | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

On May 11, 2009, plaintiff Dominic Sabbia, Sr. ("Sabbia") brought this suit pro se against the Commissioner ("the Commissioner") of the Social Security Administration ("SSA"), seeking review of the Commissioner's partial denial of his application for disability benefits under the Social Security Act ("the Act"), 42 U.S.C. § 401 et seq.[1] Sabbia's complaint also purports to challenge the Commissioner's denial of benefits to his children, Dominic Sabbia, Jr. and Nicole Sabbia, both of whom are adults and filed separate claims for benefits.

Since the filing of his complaint, Sabbia has submitted a profuse array of motions and other documents to the court. For

---

[1] The ALJ concluded that Sabbia was disabled within the meaning of the Act; however, she determined that, due to his earnings in prior years, he was eligible for benefits beginning only in 2006. Sabbia disputes the latter conclusion and maintains that he became eligible for disability benefits in August 1999.

example, he has filed several motions to enforce various subpoenas (docket entries #15, #19, #66, #67, and #86); several motions asking that his settlement offers be conveyed to the SSA (docket entries #16, #17, and #20); two motions for injunctive relief (docket entries #69 and #72); a motion to correct the record (docket entry #21); a motion excusing him and his children from appearing in person at court hearings (docket entry #22); a motion to bar the Commissioner from filing a motion for summary judgment (docket entry #62); a motion allowing him to reapply online for Social Security benefits (docket entry #82); and a motion for read-only access to the Federal Judiciary's PACER (Public Access to Court Electronic Records) system (docket entry #81). In addition, he has filed his complaint on two occasions (docket entries #1 and #8) and in several later filings, he has sought to add further claims to his complaint (docket entries #51, #63, #64, #71, and #74). For his part, the Commissioner has filed a motion to strike Sabbia's children from Sabbia's complaint and to dismiss them as plaintiffs in the action.

This order disposes of the motions currently pending on the docket in this case. Due to the number of Sabbia's filings, this has been an extremely time-consuming task for the court. This is especially unfortunate because, as will become clear in what follows, almost all of Sabbia's filings are either unnecessary or lacking in merit (or both). Before proceeding to a discussion of

the motions and other filings, therefore, the court feels it necessary to instruct Sabbia to discontinue his practice of indiscriminately filing documents with the court.

**1.   The Commissioner's Motion to Strike/Dismiss**

I begin with the Commissioner's motion to strike Dominic Jr. and Nicole from Sabbia's complaint and to dismiss them as plaintiffs in the case.  The motion is granted.  As the Commissioner points out, Sabbia is not an attorney.  Consequently, while he has the right to represent himself, *see* 28 U.S.C. § 1654, Sabbia has no right to represent the interests of others, including his children, *see, e.g., Navin v. Park Ridge School Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001) (parent was free to represent himself, but as a non-lawyer, had no authority to appear as his child's legal representative).

It is true that a small number of courts have recognized an exception to the general rule prohibiting a parent from representing his children in social security procedings.  *See, e.g., In Machadio v. Apfel*, 276 F.3d 103 (2d Cir. 2002); *Harris v. Apfel*, 209 F.3d 413 (5th Cir. 2000).  However, no such exception has been recognized in this Circuit; and those cases in which the exception has been recognized are inapposite here.  Both *Machadio* and *Harris* involved custodial parents who were financially responsible for their children.  The courts reasoned that because the parents had a personal stake in the outcome of their children's

actions, they could be trusted to represent their children's interests. *Machadio*, 276 F.3d at 108; *Harris*, 209 F.3d at 416. That rationale is clearly inapplicable here, since both Dominic Jr. and Nicole are adults.

After the Commissioner filed his motion to strike, Sabbia filed documents signed by his children requesting that they be allowed to proceed pro se. Sabbia also filed separate complaints ostensibly brought by each of the children individually. Apparently believing that this had resolved the problem, Sabbia then moved to dismiss the Commissioner's motion to strike as moot. As a procedural matter, however, Dominic Jr. and Nicole must file their own complaints with the Clerk of Court. There is no procedure whereby they may file complaints as part of the docket in the present case.

Notably, even after Sabbia purported to file Dominic Jr.'s and Nicole's individual complaints, he has continued to assert that he is litigating the case on his children's behalf. It is therefore important for Sabbia to understand that he may not represent anyone other than himself in this case.[2]

---

[2] It should also be noted that the complaints Sabbia purported to file for Dominic Jr. and Nicole were extremely perfunctory. In both cases, the complaints merely state that the plaintiff is a resident of Chicago, Illinois, that he or she complains of a decision against them by the SSA, and that the "final decision of the Secretary is erroneous as a matter of fact and as a matter of law." *See* docket entries #59 and #60. Furthermore, the complaint filed on behalf of Nicole appears to contain a scrivener's error: although the document bears her

For the foregoing reasons, the Commissioner's motion to strike is granted and Dominic Jr. and Nicole are dismissed as plaintiffs in the case. Accordingly, I deny Sabbia's motion to dismiss the Commissioner's motion to strike. Since the children have been dismissed as plaintiffs, I also deny Sabbia's requests, scattered throughout many of his motions, that his case be consolidated with those of his children. And since in no event may Sabbia represent his children in this litigation, I likewise deny his motion to be appointed as the "receiver" in connection with their cases.

## 2.  **Motion for Settlement**

During the course of the litigation, Sabbia has filed several motions asking the court to order the U.S. Attorney's Office to forward his settlement demands and offers to the Social Security Administration. These motions also request that the SSA be required to respond via email to his offers. These motions are denied.

To begin with, the Commissioner has indicated in his briefing on the motion to strike that he is fully aware of Sabbia's settlement offers. *See* Reply Br. at 4. The Commissioner has also made it abundantly clear that he has no interest in settling the litigation. *Id*. Thus, even if the court were inclined to grant

---

signature, the motion indicates that it challenges the ALJ's decision relating to *Dominic Jr. See* docket entry #34. All of this is just to say that if Dominic Jr. and Nicole should decide to file complaints on their own behalf, they must not treat the matter as a simple formality.

Sabbia's request to have his settlement offers forwarded to the SSA, it would be unnecessary to do so.

However, Sabbia's motions for settlement are inappropriate and should not have been filed in the first place. Sabbia is responsible for conducting his own settlement negotiations with the Commissioner. Based on correspondence that Sabbia attached to certain of his motions, it is clear that he is aware of how to contact counsel for the Commissioner, and that he has attempted to do so on multiple occasions, apparently by fax, email, and phone. *See, e.g.*, docket entry #20 at 5 (email from Assistant U.S. Attorney Ann L. Wallace to Sabbia (July 16, 2009)).

Sabbia repeatedly suggests that the Commissioner's refusal to accept his settlement offers amounts to a form of persecution. This simply is not so. Under this District's local rules, parties and counsel are required only to undertake a good faith effort to settle. *See* Northern Dist. Ill. Standing Pretrial Order ¶ 5. In his most recent settlement offer, Sabbia demands $22 million for himself and his family. *See* docket entry #90. Refusal of this offer is certainly not a sign of bad faith. Sabbia's settlement motions are denied.

3. **Motion to Correct the Record**

Sabbia has filed a motion seeking to correct the record in the case. The exact nature of Sabbia's claim on this point is not entirely clear, but he appears to argue that the existing record is

inaccurate because it does not include the record from an earlier suit he filed in this District, *Sabbia v. Social Security Administration et al.*, 05 C 07161 (N.D. Ill. filed Dec. 20, 2005), and also does not include the records from his suit(s) against the Secretary of Veterans Affairs. In this motion, and in several of his other filings, Sabbia purports to include by reference the records in these other cases under Rule 10(c) of the Federal Rules of Civil Procedure. For several reasons, this motion is denied.

To begin with, Rule 10(c) simply does not form a basis for the relief that Sabbia seeks. In relevant part, Rule 10(c) provides: "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The Rule says nothing about supplementing the record in social security cases or about incorporating in one case records belonging in entirely separate cases.

More importantly, the court's role under the Social Security Act is limited to determining whether the ALJ's conclusions are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *see also Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). In reviewing an ALJ's decision, a district court is not permitted to consider evidence that was not considered by the ALJ in making his or her determination below. *See, e.g., Parent v.*

*U.S. Railroad Retirement Bd.*, No. 99-2560, 1999 WL 1100169, at *2 (7th Cir. Dec. 1, 1999). To be sure, § 405(g) allows a court to remand a case for further consideration on the basis of newly-discovered evidence. However, such a remand may be ordered "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S. § 405(g). Sabbia does not claim to have found new evidence, and he does not explain why the records he now seeks to incorporate were not included in the proceedings for the ALJ. Nor does Sabbia ask that the case be remanded to the SSA. Rather, he requests that this Court consider the matter in the first instance. Most important of all, Sabbia offers no explanation whatsoever as to why these materials from the other cases ought to be included in the current record, or why the record is inaccurate without them. For these reasons, his motion to "correct" the record is denied. *Milton v. Harris*, 616 F.2d 968, 973 (7th Cir. 1980) ("[I]f the record were underdeveloped, the proper course for plaintiff was to request the district judge to remand the case to the Secretary for further fact-finding, a request that should specify the additional evidence to be introduced. Plaintiff neither made such a request nor identified the relevant evidence.") (citation omitted).

4.  **Motion to Join/Consolidate**

Sabbia has filed several motions seeking to join or add other

cases, parties, or claims to the instant case. For example, he asks that his case be consolidated with his children's cases. In addition, he appears to request that claims he has filed in other suits or administrative proceedings be consolidated with this case. For example, in one motion he claims to "[j]oin the following parties and claims: I INCLUDE BY REFERENCE per Federal Rules of Civil Procedure Rule 10 c Adoption by Reference: Exhibits): the entire court record in the United States Court of Appeals for Veterans Claims, Dominic Sabbia vs Department of Veterans Affairs cases: # 09-0697, 09-0699, 09-2128 in front of Judge Davis and 09-2870." Docket entry #36 at 5. He then goes on to state that he and his children have three Freedom of Information Act ("FOIA") cases, three Equal Opportunity Employment complaints, a discrimination complaint, and two civil rights complaints pending against the SSA and/or its officials. *See* docket entry #36 at 6-7; *see also* docket entry #80.

All of these motions to consolidate are denied. Sabbia cannot consolidate his case with those of his children because, as already explained, the children have been dismissed from the case and have not filed their own complaints. Insofar as Sabbia wishes to consolidate this case with the many other claims and cases he has asserted elsewhere, his request is denied. The exact nature and status of these other actions is unclear. Based on Sabbia's statements, they have proceeded to different stages, some of them

apparently pending before administrative agencies, others having been litigated to completion. Simply put, consolidation of these claims and actions is not procedurally feasible (to say nothing of the administrative morass that would ensue or the dubious merit of the claims). Thus, in order to be perfectly clear, it should be emphasized that this suit involves a single claim by a single plaintiff -- Sabbia's request for review of the SSA's denial of his application for disability benefits -- and cannot be used as a vehicle for pursuing the other grievances mentioned in Sabbia's filings.

**5. Motion for Injunctive Relief**

Sabbia has filed two motions seeking "an injunction against SSA in order to stop their INFINATE [sic] continuing disability review on me." Docket entry #69. These motions are denied because Sabbia has failed to provide any factual or legal basis for the injunction. It is well-settled that insufficiently-developed arguments are forfeited. *See, e.g.*, *States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)."); *Hardrick v. City of Bolingbrook*, 522 F.3d 758, 762 (7th Cir. 2008). It is also well-settled that this rule applies to pro se litigants as well as attorneys. *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548

(7th Cir. 1998) ("Even pro se litigants . . . must expect to file a legal argument and some supporting authority. A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority ... forfeits the point. We will not do his research for him.") (alteration and citations omitted).

In support of his motion, Sabbia offers only the bare assertion that the SSA's review of his case has been used in some way to stop the disability payments he is owed and to bring about his financial ruin. In various filings, he claims that the SSA is seeking to retaliate against him for discrimination claims he has filed against the agency. Beyond these unsupported claims, Sabbia's motions are devoid of factual detail or relevant legal authority. As a result, Sabbia's motions for injunctive relief are denied.

6.  **Motion to Reapply**

Sabbia has moved the court for an order allowing him and his children to reapply for disability benefits via the Internet. Insofar as the motion is brought on behalf of Dominic Jr. and Nicole, it is denied because, as explained above, they have been dismissed as plaintiffs from the case, and because Sabbia is not authorized to represent them in any event. As to Sabbia, the motion is denied because, insofar as the court understands Sabbia's request, the question whether he should be allowed to reapply for

benefits would seem to turn on whether the ALJ's decision below should be affirmed -- which, presumably, is what the current suit is supposed to settle. That is to say, if Sabbia's claim for benefits was properly decided by the ALJ below, there is no reason why Sabbia should be allowed to reapply for benefits. Until this suit has been adjudicated, therefore, the court has no basis for granting Sabbia's request. Accordingly, the motion to reapply is denied.

**7. Motion to Bar Summary Judgment Motion**

Sabbia next moves the court to bar the Commissioner from filing a motion for summary judgment. The basis for this motion, apparently, is Sabbia's contention that the record in the case is inaccurate. If the record were indeed defective, it would be improper for the court to rely on the record in deciding a motion for summary judgment. However, the argument errs in the premise. As explained above in connection with Sabbia's motion to "correct" the record, Sabbia has failed to provide any indication of any way in which the current record is deficient or inaccurate. In addition, the motion is premature. The Commissioner has not yet filed a motion for summary judgment. Nor, despite Sabbia's claims to the contrary, can the Commissioner's motion to strike Dominic Jr. and Nicole from the complaint be construed as a summary judgment motion in disguise. Thus, Sabbia's motion to bar the Commissioner from filing a motion for summary judgment is denied.

8. **Motion to Waive Appearance**

Sabbia has moved the court to excuse him and his children from having to appear in person for court hearings. Once again, for the reasons already mentioned, the motion is denied as to Dominic Jr. and Nicole. As to Sabbia himself, however, the motion is granted. By its nature, this case will ultimately be decided on the basis of the existing administrative record. Hence, there is no obvious reason why the case cannot proceed without Sabbia having to appear in person. Moreover, given the ALJ's finding below that Sabbia suffers from anxiety, depression, and asthma, there is legitimate reason to believe that attending the proceedings would be difficult for Sabbia. Finally, the Commissioner has not indicated any opposition to Sabbia's motion to waive his appearance. The motion is therefore granted – with the understanding that Sabbia may later be required to appear in person if it should be necessary.

9. **Motions to Enforce Subpoenas**

Sabbia has filed a number of motions seeking to enforce subpoenas he has sent to various parties. *See* Docket Entries #15, #19, #66, #67, #86. As noted above, in reviewing the ALJ's decision, the court is limited to the administrative record available to the ALJ. These subpoenas are plainly part of an ill-conceived effort by Sabbia to augment the record. Since the record need not -- indeed *cannot* -- be augmented (at least, not without a showing that Sabbia has not attempted to make), enforcement of the

subpoenas would be inappropriate.  Accordingly, Sabbia's motion to enforce the subpoenas is denied.

**10. Read-Only PACER Access**

Finally, Sabbia asks that he be granted read-only access to the court's PACER system.  He claims that he needs PACER access in order to monitor the docket in this case (as well as the docket in his case before the Executive Committee (06 C 2528)).  However, Sabbia has failed to show any special need to monitor the docket. For example, Sabbia claims that he must be able to watch over the docket because of the SSA's alleged "fraud on the social security record" and the Commissioner's alleged fraud upon the court.  As already explained, however, Sabbia's allegations of fraud are without merit.

Sabbia also argues that he needs to watch the docket carefully because certain documents he claims to have filed in the case were never docketed.  In particular, he complains that a document styled "Motion to the Executive Committee for Leave to File" has never appeared on the docket.  But Sabbia does not explain why he thinks that motion should ever have appeared on the docket in the first place.  Given that the motion sought leave from the Executive Committee, the motion should presumably have been filed in his case before the Executive Committee (06 C 2528).  And it appears that such a motion was docketed in the latter case on October 6, 2009. *See* docket entry #25. Sabbia claims that "some of [his] other court

filings have NOT be filed in [this case]." Docket entry #81 at 3. However, he fails to provide any specific examples in support of this claim.

Even if Sabbia could show a special need to monitor activities in this case, it remains unclear why he should be granted PACER access. All indications are that Sabbia has been able to keep track of developments without PACER access. If Sabbia's conduct in this litigation shows anything, it is that he has remained intimately familiar with the details and events in the case. Whatever means he has been using thus far for keeping track of litigation would appear to be more than sufficient. Accordingly, Sabbia's motion for PACER access is denied.

**11. Miscellaneous Filings**

In addition to the motley list of motions discussed above, Sabbia has filed numerous documents of other kinds in the case. For purposes of clarifying the docket and putting an end to unnecessary filings, I briefly review these.

First, Sabbia has filed documents that appear to be intended to add further counts and/or claims to his initial complaint. *See* docket entries #51, #63, #64, #71, and #74. For example, along with his challenge to the ALJ's denial of his application for benefits, Sabbia also appears to assert claims for, *inter alia*, employment discrimination (docket entry #46), for violation of the Crime Victims' Rights Act of 2004, 18 U.S.C. § 3771 ("CVRA")(docket

entry #85), and violation of the RICO statute, 18 U.S.C. § 1961 *et seq*. Among other things, these filings ask the court to order Veterans Affairs to pay benefits to Sabbia and his family and to reinstate his driver's license (which apparently was revoked due to non-payment of parking tickets). The court wishes to make clear to Sabbia that none of the additional claims in these filings is part of this litigation. Once again, this case is limited to the claims listed in Sabbia's complaint. The complaint brought only one claim, namely, his request for review of the SSA's denial of his application for benefits.

Sabbia has also filed a number of "jurisdictional statements" in the case. *See* docket entries #42, #49, #73, #83, and #91. In these documents, Sabbia essentially lists every conceivable ground on which the court might exercise jurisdiction over the case. These include the "jurisdictional fact doctrine," jurisdiction pursuant to the RICO statute, and "probate jurisdiction." Docket entry #42 at 3. These filings are confused: the court's jurisdiction over Sabbia's denial-of-benefits claim is not in dispute here; as a result, it is unnecessary to file any documents in order to establish the court's jurisdiction. To the extent that Sabbia seeks to provide a jurisdictional basis for the other claims he has tried to join with his denial-of-benefits claim, the filings are again unnecessary because his requests for consolidation have been denied.

Third, Sabbia has submitted several documents designated as "Claims of Unconstitutionality." *See* docket entries #35, #41, #52, #65, #68, and #92. Apparently, in filing these, Sabbia's intent was to comply with Local Rule 24.1, which states: "In order to assist the court in its statutory duty under 28 U.S.C. § 2403, counsel raising a question of the constitutionality of an Act of Congress affecting the public interest shall promptly advise the court in writing of such fact." N.D. Ill. L.R. 24.1. For the most part, however, the challenges Sabbia raises in these filings are not to the constitutionality of any congressional act. Rather, he claims that the SSA has treated him unfairly and, by *contravening* an act's requirements, has violated his constitutional rights. Where Sabbia does appear to challenge the constitutionality of an act, the act is one that is not at issue in the case (e.g., the CVRA). In short, it is unnecessary for Sabbia to file notices of his claims of unconstitutionality. It is especially unnecessary to file *five* such notices.

Finally, Sabbia has filed several documents labeled "Federal Questions Presented for Review." *See* docket entries #45, #50, #53, #54, #57, and #79. Sabbia appears to believe that these filings are required by U.S. Supreme Court Rule 29. This is mistaken. Rule 29 applies to documents filed with the Supreme Court, not to litigation in this Court. Thus, as with his jurisdictional statements and his notices of unconstitutionality, there is no need

for Sabbia to file "Federal Questions Presented for Review." On the contrary, all of these filings have served only to clutter the docket and make it unnecessarily difficult to manage the litigation.

In closing, the court note that in the many lawsuits Sabbia has initiated -- before the SSA, in this District, and before the U.S. Court of Appeals for Veterans Claims -- he appears to have followed the same pattern of filing an excessive number of motions. *See, e.g., Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996) ("[I]t is a well-settled principle that the decision of another court or agency, including the decision of an administrative law judge, is a proper subject of judicial notice."). In at least one case, Sabbia was nearly sanctioned for his conduct. *Sabbia v. Shinseki*, No. 09-699, 2009 WL 1653918, at *2 (Vet. App. June 15, 2009) (stating that the "Court may impose upon Mr. Sabbia any sanction(s) that it deems appropriate should he file further frivolous pleadings regarding this matter"). Thus, although Sabbia may be entitled to some latitude as a pro se litigant, he should be fully aware that the volume of his filings in this case has been unreasonably large. He is therefore advised to curtail his conduct in this regard.

**Conclusion**

For the foregoing reasons, the Commissioner's motion to strike and dismiss is granted. Sabbia's motion to waive appearance is

granted as to him but denied as to his children.  All of Sabbia's other motions are denied as well.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated:   November 16, 2009